UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH M SPARKS,

        Petitioner,

v.

UNKNOWN,

        Respondent.

Case No. C08-5600BHS

ORDER

This matter is before the court for screening review. Plaintiff has not paid the filing fee, nor did he file or submit a complete application for leave to proceed *in forma pauperis*. Petitioner should have an opportunity to pay the filing fee or file a completed IFP application along with the appropriate documentation.

Petitioner shall either pay the filing fee or file a complete application to proceed in forma pauperis **by not later than December 5, 2008.** Otherwise, the court will recommend dismissal of the underlying matter as frivolous.

In the underlying action plaintiff challenges his continued incarceration. He does not show relief has been granted him through Habeas Corpus. In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

ORDER
Page - 1

1    Under our analysis the statute of limitations poses no difficulty while the state challenges are
     being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for
2    damages attributable to an unconstitutional conviction or sentence does not accrue until the
     conviction or sentence has been invalidated.

Id. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983."  Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).  Plaintiff is challenging the length of time he will be incarcerated.  He must obtain relief through Habeas Corpus before proceeding with a damage claim under the Civil Rights Act.

The Clerks is directed to send a copy of this Order to Petitioner, along with the forms necessary to complete and submit an application to proceed *in forma pauperis* and note the December 5, 2008 due date.


DATED this 14 day of November, 2008.


                          */S/ J. Kelley Arnold*
                          J. Kelley Arnold
                          United States Magistrate Judge