UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH SPARKS,

    Plaintiff,

v.

STATE OF WASHINGTON *et al*.,

    Defendants,

Case No. C08-5600BHS/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:**
January 16, 2009

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff argues he is being improperly held in prison (Dkt. # 1). Thus, plaintiff is collaterally challenging fact or duration of confinement.

    Plaintiff was warned he could not challenge the fact of incarceration in a civil rights action (Dkt # 6). He has chosen to complete the application for *in forma pauperis* status despite that warning (Dkt. # 7). The court granted plaintiff's request for *in forma pauperis* status. The court now recommends this action be

REPORT AND RECOMMENDATION
Page - 1

dismissed without prejudice.

## FACTS

Plaintiff appears to be nearly illiterate. The complaint is phonetically written. Further, the *in forma pauperis* application was written and signed by other persons and the signatures were witnessed by a Mental health care provider at the facility where plaintiff is housed (Dkt. # 7). Plaintiff contends he is being improperly held and he requests unlawful imprisonment charges be filed in this case (Dkt # 1).

The court should be aware that Mr. Sparks filed a habeas corpus petition regarding the same set of facts, Sparks v Unknown, 08-CV-5484RJB/JKA. That petition was dismissed without prejudice because petitioner failed to pay the filing fee, failed to name a proper respondent, failed to adequately explain the circumstances of his incarceration, and failed to show he has exhausted his claims in state court prior to filing the federal habeas petition. (Sparks v Unknown, 08-CV- 5484RJB/JKA Dkt. # 7).

This action must also be dismissed without prejudice because plaintiff is challenging his incarceration in a civil rights action. In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.
>
> Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Here, plaintiff is attempting to challenge the propriety of his current incarceration. He may not do so without showing the conviction has been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. This action should be **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v.

REPORT AND RECOMMENDATION
Page - 2

1 Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
2 set the matter for consideration on **January 16, 2009,** as noted in the caption.

DATED this 10 day of December, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3